The majority acknowledges that false imprisonment involves the unlawful restraint by one of the physical liberty of another. Rogers v. Barbera
(1960), 170 Ohio St. 241, 243. However, it reasons that appellant's space was not a limited area because he was in an office "roughly the same size as other Dillard's offices." There is nothing in Ohio law that governs the size of an area in which one need be confined to be the victim of false imprisonment, just that his physical liberty be restrained. If he were in a room that was guarded by police officers who would not let him leave, he was certainly restrained.
In Ohio, shopkeepers are privileged to detain those suspected of theft for a limited time to allow investigation. Once the initial privilege expires, the justification for continued confinement expires and possible liability for false imprisonment begins. Bennett v. Ohio Dept. of Rehab. Corr. (1991), 60 Ohio St.3d 107, 109. If appellant were confined for two or three hours, the reasonableness of the duration of this detention would certainly be debatable.
Furthermore, the presence of police officers, if directed by the store supervisor, does not insulate the store from liability. If it were at her direction that the police officers guarded appellant, the store would still be liable. It could not be said that appellant's remaining in the office was voluntary without question when one considers the presence of police. It is certainly credible that their presence restricted his freedom of movement. Mr. Monrean had no reason to believe his acts were to be construed as voluntary if there were officers stationed outside of his door and escorting him to the restroom. See Mitles v. Young (1978),59 Ohio App.2d 287, 293, 394 N.E.2d 335.
The facts, construed most strongly in favor of appellant, could support his claim for false imprisonment. I would reverse and remand the case for a new trial on that cause of action.
 _________________ NADER, J.